FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2015 MAY -8 PM 2:37
CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| UNITED STATES OF AMERICA | * | |
|---|---|---|
| | * | |
| vs. | * | CR 612-001 |
| | * | |
| ZIKOMO TAHEAM BOSTIC | * | |

## O R D E R

Before the Court is Defendant's "motion to correct sentence to clarify Court's intent/nunc pro tunc designation," which the Court construes as a petition for habeas relief under 28 U.S.C. § 2241. (Doc. no. 516.) For the reasons set forth herein, the petition is **DISMISSED**.

Petitioner is confined at the Federal Correctional Institute Coleman Low in Coleman, Florida, which is located in the Middle District of Florida. (See id.) On October 10, 2012, this Court sentenced him to 96 months imprisonment, to be served consecutively to the revoked state probation term he was serving in Emanuel County (Georgia) Superior Court case numbers 09CR20A and 09CR108. (Doc. no. 362.) On March 12, 2015, Petitioner sought relief in this Court seeking credit for time served. (Doc. no. 516.) He "believed that he would be given credit for time served on his federal sentence from his state sentence," and moves the Court for "a corrected judgment and commitment, nunc pro tunc back to the date of sentencing

to show credit for time served." (Id.) However, he does not allege that he exhausted administrative remedies.

A claim for credit for time served is properly brought under 28 U.S.C. § 2241 in the district of incarceration after the exhaustion of administrative remedies. United States v. Nyhuis, 211 F.3d 1340, 1345 (11th Cir. 2000). If the petition is filed in another district, the court where relief is sought may dismiss the petition for lack of personal jurisdiction over petitioner's custodian, or transfer the petition to the district where petitioner is confined. Williams v. Rivera, 2011 WL 7005735, at *1 (S.D. Ga. Dec. 12, 2011)(transferring, rather than dismissing, § 2241 petition to district where prisoner is in custody where prisoner attached documentation showing exhaustion of administrative remedies); Paye v. United States, 2007 WL 2177114, *1 (S.D. Ga. Jul. 25, 2007)(dismissing, rather than transferring, § 2241 petition for lack of jurisdiction where prisoner failed to show exhaustion of administrative remedies).

Here, Petitioner challenges the execution of his sentence, rather than its validity, and therefore the Court construes the filing as a petition under § 2241. Petitioner filed the action in this Court, where he was sentenced, rather than in the Middle District of Florida, where he is in custody. Thus, the Court lacks jurisdiction. Because

2

Petitioner failed to allege exhaustion of administrative remedies with the Bureau of Prisons, the Court **DISMISSES** the petition rather than transferring the case to the proper court. Petitioner is advised that he may file a proper petition pursuant to 28 U.S.C. § 2241 with the United States District Court for the Middle District of Florida after exhausting the administrative remedy available through the federal prison system.

**IT IS ORDERED** that Defendant's motion to correct sentence (doc. no. 516), construed as a petition under 28 U.S.C. § 2241, is **DISMISSED**. Defendant's motion to reduce sentence (doc. no. 511) remains pending in this Court.

**ORDER ENTERED** at Augusta, Georgia, this \_\_\_\_ day of May, 2015.

_____
UNITED STATES DISTRICT JUDGE

3